UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| ANAISSA B. GERWALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-079 |
| | ) | |
| DIMASS CHARITIES; | ) | |
| KATINA WHEELER; | ) | |
| COMMUNITY CENTER | ) | |
| MANAGEMENT, a/k/a | ) | |
| BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Anaissa Beth Gerwald, proceeding *pro se*, is back with another largely indecipherable, scatter-shot lawsuit. Doc. 1 (asking the Court to "open a new complaint -- motion 1982/83/ 1985-2441 while petitioner was in jail for unjustified violation & denial of 2nd Chance Act law -- Fraud, Theft, False Accused. . . .").[1] She also moves for leave to proceed *in forma*

---

1 Her other cases: *Gerwald v. Bulloch County Jail*, CV612-033, doc. 6 (S.D. Ga. May 30, 2012) (case dismissed for failure to comply with Court Order); *Gerwald v. GMAC Mortgage*, CV412-066, doc. 19 (S.D. Ga. Oct. 10, 2012) (case dismissed for lack of jurisdiction); *Gerwald v. United States*, CV412-252, doc. 60 (S.D. Ga. Apr. 28, 2014) (judgment denying her 28 U.S.C. § 2255 motion); *Gerwald v. United States*, CV413-152, doc. 9 (S.D. Ga. June 27, 2014) (judgment denying her second 28 U.S.C. § 2255 motion as successive); *Gerwald v. United States*, CV413-231, doc. 8 (S.D. Ga. Dec.

*pauperis* (IFP). Doc. 2. Convicted of bankruptcy fraud, CR411-249, doc. 55 (S.D. Ga. Sep. 18, 2012), she is apparently free from prison and now claims she is debt-ridden, homeless and *completely* penniless. Doc. 13 at 1-2.

Of course, the obvious question must be posed to this convicted fraudster: How exactly does she live? Courts have inquired:

> In an effort to prevent fraud, courts required the supporting affidavit to state facts concerning the plaintiff's poverty with some level of "particularity, definiteness, and certainty." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (per curiam). Courts also retained the authority to deny IFP status if a plaintiff deliberately failed to report available assets. *See, e.g., Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 517-19 (11th Cir. 1991) (affirming the lower court's denial of IFP status because it appeared that the applicant had access to an unknown amount of money either through his family, his extortion activities, or his legal work on behalf of fellow inmates). *But see Acevedo v. Reid*, 653 F. Supp. 347, 348-49 (S.D.N.Y. 1986) (excusing an inmate's failure to report his veterans' benefits and prison salary on his application for IFP status where (1) there was no evidence that he had acted in bad faith, and (2) he would have been eligible for IFP status even if those assets were taken into account). Similarly, courts could deny IFP status if they found that an applicant had intentionally depleted his resources in order to qualify for a fee waiver. *See, e.g., Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (authorizing the lower court to examine the plaintiff's financial dealings during the time period immediately preceding the filing of the suit to determine whether he had intentionally shifted or wasted assets that he

---

17, 2013) (judgment dismissing 28 U.S.C. § 2241 petition); *Gerwald v. United States*, CV124-064 (S.D. Ga. May 1, 2014) (another § 2241 petition, case still pending).

otherwise could have used to finance the action).

Julia Colarusso, *Out of Jail ... But Still Not Free to Litigate? Using Congressional Intent to Interpret 28 U.S.C. § 1915(b)'s Application to Released Prisoners,* 58 AM. U. L. REV. 1533, 1566 n. 41 (2009).

It undeniably costs money to live, but Gerwald swears she has *zero* assets of any kind, coupled with $286,000 in debt. Doc. 13 at at 1-2. The Court doubts the credibility of that statement. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental,* 986 F. Supp. 2d 1345 (S.D. Ga. 2013); *Robbins v. Universal Music Group,* CV412-292, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19,

---

2 "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.,* 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal,* 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), *cited in In re Zow,* 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia,* had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service,* 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

2013).³

To that end, it tolerates no lies. *Ross v. Fogam*, CV411-114, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").⁴

---

3   *See also Lister v. Department of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

4   Furthermore, liars are prosecuted. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in

Given the totality of the circumstances, it will do likewise here.[5]

Therefore, within 14 days from the date of this Order, Gerwald shall

---

his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), cited in *Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

5   Three important points must be underscored here:

> First, proceeding [IFP] in a civil case is a *privilege* or favor granted by the government. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Second, the statute reads that the court "may authorize the commencement" of an action. 28 U.S.C. § 1915(a)(1). The grant, denial, or other decision concerning an [IFP] application requires the court to exercise discretion. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (explaining the purpose of 28 U.S.C. § 1915 and stating the decision of whether to grant or deny [IFP] status under 28 U.S.C. § 1915 is discretionary).

*Lafontaine v. Tobin*, 2013 WL 4048571 at * 1 (N.D. Iowa Aug. 9, 2013) (emphasis added); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he had no room and board expenses, owned a car, and spent the $250.00 earned each month selling plasma on completely discretionary items).

*Lafontaine* also extended to non-prisoner IFP movants a pay-to-play, installment payment plan analogous to what Congress imposed upon prisoners under its Prison Litigation Reform Act (PLRA), which is expressed in statutory provisions like § 1915 (a)(1), (b)(1)(2). *Lafontaine*, 2013 WL 4048571 at * 2; *see also Kelner v. Harvin*, 2010 WL 2817262 at * 1 n. 5 (D. Kan. July 16, 2010) ("It has been held that the exhaustion, full/initial partial payment, and three-strikes provisions of the current [IFP] statutes do not apply to in [IFP] litigants who are not prisoners. Nevertheless, several courts including the Tenth Circuit have applied this subsection which does not refer to prisoners, to suits brought by non prisoners."). The Court is considering likewise here, since cost-free litigation too easily enables recreational if not nuisance litigation. That further necessitates more detailed financial data from the plaintiff.

5

disclose to the Court the following information:

(1) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(2) Where she gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether she owns any means of transportation and, if she does not, whether she has regular access to same, as owned by another (including a rental company);

(4) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether she has any credit or debit cards;

(6) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether she anticipates any future income within the next year.

(8) A list of any other cases (beyond those noted here) showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

(9) Any other source of financial support (friends, relatives, etc).

Answering these points will better illuminate Gerwald's true financial condition. In that regard, she must again declare the facts she

pleads to be true under penalty of perjury.[6] If she does not use a preprinted IFP form to respond (hence, if she uses a blank sheet of paper), she must insert this above her signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Gerwald's convenience. In her response to this Order she must reproduce each enumerated item above and legibly write (or type) her *complete* answer directly after it. Failure to comply with this directive will result in a recommendation of dismissal. *Kareem v. Home Source Rental*, 2014 WL 106632 at *1 (S.D. Ga. Jan. 9, 2014) (advising dismissal for non-compliance in similar IFP-information case), *adopted*, 2014 WL 2700632 (S.D. Ga. Jun 13, 2014).

**SO ORDERED**, This 7th Day of August, 2014.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

6   She has done so on her Financial Affidavit. Doc. 13 at 2.